UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTH CARE FACILITY,<br><br>    Defendant. | No. 2:18-cv-0635 TLN CKD P<br><br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se. On August 29, 2018, this action was stayed so that plaintiff could locate certain documents and retain counsel. Plaintiff now asks that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional

1

circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Alternatively, plaintiff asks that the stay imposed in this action remain in place another 180 days while plaintiff attempts to draft an amended complaint. Good cause appearing, that request will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 22 & 23) is denied.

2. Plaintiff's motion for an extension of time (ECF No. 22 & 23) is granted.

3. The stay imposed in this action remains in place.

4. If plaintiff is not ready to submit an amended complaint by March 1, 2020, plaintiff shall file a status report.

Dated: September 4, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/bh
scot0635.31+36